UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RONALD GLENN JONES,<br><br>Defendant. | Case No. 17-cr-00344-EMC-1<br><br>**ORDER GRANTING IN PART DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**<br><br>Docket Nos. 99, 103 |

## I.  INTRODUCTION

Defendant Ronald Glenn Jones moves for an order terminating his term of supervised release in this matter pursuant to 18 U.S.C. § 3583(e)(1), which the government does not oppose. The Court granted that request at the hearing on March 28, 2023. Criminal Minutes, Docket No. 104. Mr. Jones also moves for: (1) his restitution payments to be fixed at $25 per month, (2) the interest accruing upon his restitution obligation to be waived, and (3) his exclusion from the Treasury Offset Program ("TOP").

For the reasons discussed below, Mr. Jones's motion is **GRANTED** as to his restitution payment plan and interest waiver because he has shown a material change in economic circumstances that causes him to be unable to afford his original restitution obligation. The Court may, at its discretion, modify his payment plan under 18 U.S.C. § 3664(k), and waive interest under 18 U.S.C § 3612(f). Mr. Jones's request to be permanently excluded from TOP is **DENIED**, because this Court does not have authority to grant such relief. However, the balance of equities favors a 60-day extension of the temporary reprieve this Court already granted from the TOP program.

## II. BACKGROUND

On May 23, 2018, Mr. Jones was convicted on two counts of aiding and abetting a bank robbery, for which he served a prison sentence and was ordered to pay $25,471 in restitution and a $200 special assessment. Mr. Jones is currently 68 years old. In July 2022, he provided a cash flow worksheet estimating his monthly expenses. Quach Decl., Docket No. 100-1, Exhibit B. On August 31, 2022, this Court ordered Mr. Jones to make monthly payments of $25 toward his outstanding restitution obligation, which he has done. Since July 2022, Mr. Jones's economic position materially changed in two ways. First, Mr. Jones left his job at a thrift store in Fremont due to an arm injury upon his doctor's advice. Then, in October 2022, Mr. Jones was diagnosed with colon cancer, and has since undergone surgery, chemotherapy, and radiation treatments. Mr. Jones currently relies exclusively on disability and Social Security income, and his housing situation in tenuous.

Mr. Jones asks this Court to extend its temporary order setting his monthly restitution payment to $25, waive his obligation to pay interest, and order his exclusion from TOP so that he can keep his impending tax refund.

## III. DISCUSSION

A. Modification of Restitution Due to Changed Economic Circumstances

Mr. Jones requests that this Court make permanent its order modifying his payment plan to $25 per month. The government concedes that the Court has the authority to do so but contends that Mr. Jones has not made the necessary factual showing to merit such relief. Opposition, Docket No. 100 at 5:16-19. The Court has jurisdiction to modify a defendant's sentence with respect to restitution in appropriate circumstances. 18 U.S.C. § 3664 provides:

> (o) A sentence that imposes an order of restitution is a final judgment notwithstanding the fact that—
>
> (1) such a sentence can subsequently be—
>
> (A) corrected under Rule 35 of the Federal Rules of Criminal Procedure and section 3742 of chapter 235 of this title;
>
> (B) appealed and modified under section 3742;
>
> (C) amended under subsection (d)(5); or

2

       (D) **adjusted under section 3664(k)**, 3572, or 3613A; or

      (2) the defendant may be resentenced under section 3565 or 3614.

18 U.S.C. § 3664(o) (emphasis added).  Section 3664(k) provides:

> A restitution order shall provide that the defendant shall notify the court and the Attorney General of any **material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution.** The court may also accept notification of a material change in the defendant's economic circumstances from the United States or from the victim. The Attorney General shall certify to the court that the victim or victims owed restitution by the defendant have been notified of the change in circumstances**. Upon receipt of the notification, the court may, on its own motion, or the motion of any party, including the victim, adjust the payment schedule**, or require immediate payment in full, as the interests of justice require.

18 U.S.C. § 3664(k) (emphasis added).  The government concedes that § 3664(k) permits a district court to modify a restitution order upon notification of changed economic circumstances.  The government contends that a recent financial disclosure is a necessary precondition to such relief, but the statute does not specify such a condition.

    Under § 3664(k), material changes to a defendant's economic circumstances may be brought to the Court's attention by: the defendant, the United States, or the victim.  18 U.S.C. § 3664(k).  Modification of the order may occur on motion of any party, a victim, or the court on its own motion.  *Id.*  The district court then has express authority to "adjust the payment schedule." § 3664(k).  Accordingly, this Court has the authority to set Mr. Jones's payments to $25 per month if it is satisfied that his financial circumstances merit that change to his payment schedule.

    At the hearing on June 21, 2023, Mr. Jones affirmed under oath that his counsel's representations about his financial status are true and accurate.  Specifically, that he relies exclusively upon social security and disability payments for his income and that he has less than a few hundred dollars in any bank account.  The Court accepts these sworn representations as sufficient to establish defendant's inability to pay more than $25.00 per month.  Accordingly, defendant's request for his payment plan to be permanently set to $25.00 per month is **GRANTED**.

3

B. <u>Post-sentencing Waiver of Interest</u>

For the same reasons discussed above, Mr. Jones seeks relief from the interest accruing upon his restitution obligation.[1] In this regard, 18 U.S.C. § 3612(f)(3) allows a court to waive or modify interest on restitution based on a determination that the defendant is unable to pay:

> (f)(3) Modification of interest by court. If the court determines that the defendant **does not have the ability to pay interest** under this subsection, the court may—
>
> (A) **waive the requirement for interest**;
>
> (B) limit the total of interest payable to a specific dollar amount; or
>
> (C) limit the length of the period during which interest accrues.

18 U.S.C § 3612(f) (emphasis added). Subsection (h) provides:

> (h) Waiver of Interest or Penalty by Attorney General—
> The **Attorney General may waive all or part of any interest** or penalty under this section or any interest or penalty relating to a fine imposed under any prior law if, as determined by the Attorney General, **reasonable efforts to collect the interest or penalty are not likely to be effective**.

18 U.S.C § 3612(h) (emphasis added).

At the hearing on March 28, 2023, the government argued that under 18 U.S.C. §3612(h), post-sentencing authority to waive interest is vested exclusively with the Attorney General. *See* Criminal Minutes, Docket No. 104. The government contends after sentencing, this is the only way interest obligations imposed by judgment can be modified. Specifically, the government argues that this Court's authority to waive interest under § 3612(f)(3) ended once the sentence was entered.

---

[1] The government makes a procedural objection to this question, stating that Mr. Jones waived this request by failing to raise it in his motion for termination of supervised release. Motion to Strike, Docket No. 103. Because the Court finds that Mr. Jones can request a waiver of interest based on his changed financial circumstances at any time, the Court **DENIES** the motion to strike on the ground of judicial economy. The Court will not require that Mr. Jones file a separate motion to request this relief because the government suffers no prejudice here. The request is predicated on the same facts raised in Mr. Jones's opening brief, and the government had the opportunity to brief and argue the merits of the interest waiver request.

4

1.       Authority to Waive Interest

It is undisputed that this Court has the authority to waive interest under § 3612(f)(3) *at sentencing*. The only question is whether this authority continues once the sentence is entered. The government contends that this authority can only be exercised by the court at sentencing, after which the judgment becomes "final" and can only be modified in very narrow circumstances enumerated in § 3664(o). However, nothing on the face of § 3612(f)(3) or § 3612(h) imposes the limitation the government asserts. § 3612(f) does not state that it only authorizes a court to waive interest before the sentence is entered, and § 3612(h) does not state that *only* the Attorney General can waive interest. Indeed, courts have acknowledged that the title of § 3612 is "Collection of Unpaid Fine or Restitution," and the title of Chapter 229 of the Federal Criminal Code, within which § 3612 is located, is "Postsentence Administration," which suggests that application post-sentencing is appropriate.

To be sure, the Ninth Circuit has not addressed whether a district court can waive interest on restitution post-sentencing. The Sixth Circuit has addressed the issue. It held that a district court can waive interest post-sentencing under § 3612(f)(3). *United States v. Phillips*, 9 F.4th at 388.

The analysis centers on the interpretation of the term "notwithstanding" in § 3664(o), discussed in section III(A), *supra*, and reproduced here:

> (o) A sentence that imposes an order of restitution is a final judgment **notwithstanding** the fact that—
>
> (1) such a sentence can subsequently be—
>
>    (A) corrected under Rule 35 of the Federal Rules of Criminal Procedure and section 3742 of chapter 235 of this title;
>
>    (B) appealed and modified under section 3742;
>
>    (C) amended under subsection (d)(5); or
>
>    (D) adjusted under section 3664(k), 3572, or 3613A; or
>
> (2) the defendant may be resentenced under section 3565 or 3614.

18 U.S.C. § 3664(o) (emphasis added). The government's argument rests on the assumption that subsection (o)(1) provides an exhaustive list of circumstances under which a court can modify

5

restitution after it has become part of a "final judgment." By this logic, because a waiver of interest under § 3612(f) is not listed in § 3664(o), it cannot sanction modification to a final judgment.

In *Phillips*, the Sixth Circuit reasoned that the word "notwithstanding" does not generally mean "except," and it does not normally precede an exhaustive list of exceptions. Instead, notwithstanding means "despite," and rather than being followed by a finite list of exceptions, is followed by examples of situations where the rule is inapplicable.

> This is not a list of exceptions to when an order of restitution is final, but rather a list of possibilities that do not create an exception. This is because "notwithstanding" does not mean "except" or "unless." Rather, it means "despite." *E.g.,* Merriam-Webster's Collegiate Dictionary (10th Ed. 1997). The meanings are so different as to verge on being opposite. . . ., in § 3664(o), the term "notwithstanding" applies to a list of possible orders that do not keep an order of restitution from being a final judgment, but does not at all preclude the possibility that many other types of subsequent orders would not preclude such finality. In short, because the word "notwithstanding" is used in § 3664(o) rather than "unless" or "except," § 3664(o) cannot be read to make § 3664(o)(1)(a)–(d) & (2) an exclusive list.

*Phillips*, 9 F.4th at 384–85.

Though the Ninth Circuit did not directly address this question of statutory interpretation, language in *United States v. Hankins*, 858 F.3d 1273, 1276 (9th Cir. 2017) is consistent with the Sixth Circuit's reasoning:

> A sentence that imposes an order of restitution is a final judgment, even though it can be corrected or amended in certain limited circumstances . . . for example, under § 3664(o)(1), . . . . [and] [u]nder § 3664(j)(2), a court may reduce the amount of restitution to account for compensatory damages later recovered in a civil proceeding. Finally, under § 3664(o)(2), a court may amend a restitution order upon resentencing if the defendant's probation is revoked or if the defendant failed to pay restitution. None of these designated situations is applicable here.

*Id.* at 176-177 n.4 (internal citations and quotation marks omitted). The Ninth Circuit's reference to § 3664(o)(1) as an "example," along with *e.g.*, § 3664(j)(2), which provides for a post-judgement adjustment, suggests that, as the Sixth Circuit held, § 3664(o) does not enumerate an exhaustive list of the court's authority to modify a restitution order.

The Sixth Circuit also points out in *Phillips* that the term "final judgment" can be read to

mean "final" and therefore not subject to modification by the district court but could just as easily be read to mean "final" as opposed to "interlocutory," such that it would be ripe for appeal. *Phillips*, 9 F.4th at 385.

Moreover, under § 3612(f)(3), this Court may waive interest "[i]f the court determines that the defendant does not have the ability to pay interest." § 3612(f)(3). A defendant's ability to pay interest may change over time, including post-sentencing. That is precisely what has occurred here. The defendant is now 68 years old, has cancer, and is on fixed income. The statute is most sensibly read to permit post-sentencing waiver of interest where a district court finds that a defendant is unable to pay. It makes little sense to permit the court to adjust the payment schedule based on changed circumstances, post-judgment, but bar the Court from modifying the accrual of interest in the face of such circumstances.

Finally, the government argues that, if granted, this request would result in the Defendant's robbery victims never being made whole. This argument is unpersuasive because the determination has already been made that in this case Mr. Jones will never be able to afford to pay his entire restitution obligation given his age, health, and financial circumstances.

This Court embraces the Sixth Circuit's reasoning in *Phillips* and finds that § 3664(o) does not create an exclusive list of exceptions for modification of a "final order" of restitution and thus does not operate to preclude waiver of interest by the court under § 3612(f)(3).

2.  Split of Authority

To be sure, the Tenth and Eleventh Circuits have interpreted § 3664(o) as providing a comprehensive list of circumstances under which a court can modify restitution in other factual scenarios, and have thus found post-judgment of interest is not authorized. *See United States v. Wyss*, 744 F.3d 1214, 1219 (10th Cir. 2014), *United States v. Puentes*, 803 F.3d 597, 606 (11th Cir. 2015).

In *Wyss*, the defendant requested a modification of his restitution obligation, including a waiver of interest, arguing that this was a modification of the terms of probation authorized by 18 U.S.C. § 3563. *United States v. Wyss*, 744 F.3d 1214, 1219 (10th Cir. 2014). § 3563 provides that "the court may modify, reduce, or enlarge the conditions of a sentence of probation at any time

7

1   prior to the expiration or termination of the term of probation." The Tenth Circuit reasoned:

> The maxim that **specific statutory provisions prevail over more general provisions** absent clear congressional intent to the contrary is well-established. Consistent therewith, the district court should not have applied a general provision in this case, § 3563(c), when doing so undermined limitations created by a more specific provision, § 3664(o).

*United States v. Wyss*, 744 F.3d 1214, 1219 (10th Cir. 2014) (internal citation and quotations omitted). This decision is therefore distinguishable from the present one. While § 3563 is more general than § 3664(o), that is not true of § 3612(f)(3), which specifically permits the waiver of interest on a restitution payment based on a finding of inability to pay. The hierarchy of specificity in *Wyss* does not apply in the same way here.

In *United States v. Puentes*, 803 F.3d 597, 604 (11th Cir. 2015), the district court eliminated one defendant's restitution obligation for which he had been jointly and severally liable with co-conspirators. The district court reasoned that this would not contradict the Mandatory Victims Restitution Act ("MVRA") because the victim could collect the full amount of restitution from the co-conspirators. The Eleventh Circuit held that this decision did implicate the MVRA, and that "a specific provision of the Mandatory Victims Restitution Act, 18 U.S.C. § 3664(o), defines when a mandatory restitution order becomes a final judgment, and lists the sources of authority allowing a district court to modify a mandatory order of restitution." *United States v. Puentes*, 803 F.3d 597, 606 (11th Cir. 2015).

> The Mandatory Victims Restitution Act makes restitution mandatory for certain crimes, like the fraud offense to which Puentes pled guilty, "[n]otwithstanding any other provision of law." 18 U.S.C. § 3663A(a)(1). We read this as a clear indication from Congress that the MVRA was intended to trump Rule 35. Moreover, one provision of the MVRA, 18 U.S.C. **§ 3664(o), provides an exhaustive list of the ways in which a mandatory restitution order can be modified.** None apply in this case. Notably, while § 3664(o) allows for a sentence imposing an order of restitution to be corrected under Rule 35(a), the statute does not permit the district court to reduce such a sentence under Rule 35(b). The district court was not free to reduce Puentes's restitution as a reward for his substantial assistance, even though his co-conspirators may have remained jointly and severally liable for the amount owed.

*United States v. Puentes*, 803 F.3d 597, 599 (11th Cir. 2015) (emphasis added). For the reasons

8

stated by the Sixth Circuit, the Court is not persuaded that § 3664(o) provides an exhaustive list to be exclusion of § 3612(f)(3). Moreover, *Puentes* involved a waiver of the entire restitution obligation, rather than a waiver of interest alone specifically permitted under § 3612(f)(3). The modification here is far more limited.

Accordingly, Mr. Jones's request for a waiver of his interest obligation is **GRANTED**.

C. Exclusion from Treasury Offset Program

As a threshold issue, this Court can only intervene in Mr. Jones's request for relief from TOP if this Court has authority to do so.

1. Fair Debt Collection Practice Act

The government concedes that this Court would have authority to intervene in debt collection under the FDCPA. That statute defines "debt" as: "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the **subject of the transaction are primarily for personal, family, or household purposes**, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5) (emphasis added). However, this formulation does not include debt relating to restitution imposed at sentencing for federal crimes. The government argues that TOP is therefore not a collection effort under the Fair Debt Collection Practices Act ("FDCPA") over which the Court has any authority.

2. U.S.C. § 3613

The government's position is that U.S.C. § 3613, entitled "civil remedies for satisfaction of an unpaid fine," governs instead.

> A fine imposed pursuant to the provisions of subchapter C of chapter 227 of this title, an assessment imposed pursuant to section 2259A of this title, or an order of restitution made pursuant to sections [1] 2248, 2259, 2264, 2327, 3663, 3663A, or 3664 of this title, is a lien in favor of the United States on all property and rights to property of the person fined **as if the liability of the person fined were a liability for a tax assessed under the Internal Revenue Code of 1986**. The lien arises on the entry of judgment and continues for 20 years or until the liability is satisfied, remitted, set aside, or is terminated under subsection (b).

U.S.C. § 3613(c).

9

Section f of this statute states that this section is available to enforce an order of restitution. U.S.C. § 3613(f).  U.S.C. § 3613 does not specify whether a district court can intervene.  This statute grants the authority that underlies the TOP program, but TOP is enforced through the Internal Revenue Code.  The Court thus looks to the IRS Code to answer the question at hand.

### 3. The IRS Code

TOP is enforced by the Internal Revenue Service through the Internal Revenue Code, which provides:

> (d) Collection of debts owed to Federal agencies
>
> (1) In general Upon receiving notice from any Federal agency that a named person owes a past-due legally enforceable debt (other than past-due support subject to the provisions of subsection (c)) to such agency, the Secretary shall—
>
> (A) reduce the amount of any overpayment payable to such person by the amount of such debt;
> [. . . .]

26 U.S. Code § 6402(d).  In turn, the statute provides the following guidance about the review of such action:

> (g) Review of reductions
> **No court of the United States shall have jurisdiction to hear any action, whether legal or equitable, brought to restrain or review a reduction authorized by subsection** (c), **(d)**, (e), or (f).  No such reduction shall be subject to review by the Secretary in an administrative proceeding.

26 U.S. Code § 6402(g) (emphasis added).

This statute explicitly states that no court may hear any action to restrain or review the reduction of a tax refund authorized through the TOP process.  Instead, that authority rests with the applicable Treasury entity, through a process described in 31 CFR 5.18.  Accordingly, this Court does not have the statutory authority to grant Mr. Jones's request for exclusion from TOP and must **DENY** his request.

### 4. Temporary Stay

Although, for the reasons discussed above, this Court concludes that it cannot permanently exclude Mr. Jones from TOP, there appears to be no controlling case authority dictating this

10

interpretation of the statutes. This Court previously provided Mr. Jones with a temporary exclusion from TOP in order to allow him to collect his 2022 tax refund. Mr. Jones expressed that he has not yet done so because a fraudulent tax return was filed in his name while he was incarcerated. This has created additional administrative steps Mr. Jones must take before he can receive his tax refund, which he has been unable to complete due to his ongoing cancer treatment.

The government stated at the June 21 hearing that it would not oppose a three-to-six-month extension of the status quo for the purpose of receiving additional documentation from Mr. Jones. Accordingly, the Court grants a 60-day extension of the stay. Such a stay imposes no hardship to the government. On the other hand, Mr. Jones has shown that he would suffer substantial hardship if he were unable to receive his tax refund, given his significant financial burden. *Cf. All. For the Wild Rockies v. Peña*, 865 F.3d 1211, 1217 (9th Cir. 2017) (holding that a preliminary injunction may issue where the balance of hardships tips sharply in favor, and the plaintiff can show serious questions going to the merits). The lack of conclusive authority on this question leaves a sufficiently serious question going to the merits, warranting a short stay.

Accordingly, this Court grants Mr. Jones 60 days from the issuance of this order denying Mr. Jones protection from the TOP.

### IV.    CONCLUSION

Mr. Jones's motion for amendment of his restitution payment plan (to pay $25 per month) and a waiver of interest expense is **GRANTED**. Mr. Jones's request for exclusion from TOP is **DENIED**, but the temporary reprieve therefrom is extended to 60 days from the date of this Order. The government's motion to strike is **DENIED.**

This order disposes of Docket Nos. 99 and 103.

**IT IS SO ORDERED**.

Dated: June 28, 2023

_____
EDWARD M. CHEN
United States District Judge

11